IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN G.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. 6:19-cv-00160-MC

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff John G. was denied Disability Insurance Benefits under Title II of the Social Security Act. He appeals to this Court, arguing that the ALJ erred by rejecting Plaintiff's subjective symptom testimony and improperly evaluating treating physician testimony. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

    The Court has jurisdiction under 42 U.S.C. § 405(g). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Id.*; *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## **DISCUSSION**

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar spine with narrowing particularly at the L3-4 level; status post laminectomy; lupus; dermatitis; diabetes mellitus; and peripheral neuropathy. Tr. 18.[2] The ALJ found that Plaintiff had the following RFC:

> The [ALJ] finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he was limited to only occasional stooping, crouching, kneeling, crawling, and climbing of ramps or stairs and could have never climbed ladders, ropes, or scaffolding. In addition, the claimant could have had no exposure to

---

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

extreme heat, extreme cold, concentrated airborne irritants, and hazards such as machinery and unprotected heights.

Tr. 20. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could perform past relevant work as a customer complaint clerk. Tr. 27–28. The ALJ thus determined that Plaintiff was not disabled. Tr. 28.

### I. Plaintiff's Symptom Testimony

Plaintiff asserts that the ALJ erred by rejecting Plaintiff's subjective symptom testimony. Such testimony can be rejected if there exists "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). The ALJ may "consider a range of factors," including:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

Plaintiff self-reported that he had trouble walking, that he became sore after any repetitive motion, and that he suffered from shakiness because of tremors and nerve pain in his hands, legs, and feet. Tr. 195. Plaintiff reported that on good days he could complete housework, visit with others, and shower. Tr. 196. But on bad days, Plaintiff testified that he was only able to read and watch television. Tr. 196. Plaintiff also testified that he suffered from memory

3 – OPINION AND ORDER

impairment and hallucinations because of his medications. Tr. 200–01. At the hearing, Plaintiff testified that he could not perform his past work because he had trouble sitting for more than an hour and because his pain medication made it difficult for him to concentrate. Tr. 53.

The ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 21. Specifically, the ALJ concluded that while Plaintiff had many physical limitations at the time of the hearing, his symptoms before September 2015 were not as debilitating as Plaintiff claimed. *See* tr. 20–26.

The ALJ noted that Plaintiff's daily activities during the relevant period were inconsistent with his alleged symptoms. Tr. 23–25 (citing tr. 43–45, 281, 329–30). The ALJ also pointed out various times where Plaintiff either failed to seek out or follow prescribed course of treatment. Tr. 23–24 (citing tr. 281, 320–21, 343–44). And when Plaintiff did receive treatment, Plaintiff showed improvement. *See* tr. 260, 270, 281, 285, 311, 318, 343–44. Lastly, the ALJ identified multiple portions of the medical record inconsistent with Plaintiff's alleged symptoms. Tr. 23–25 (citing tr. 238, 256, 282–83, 285, 287, 292, 294). These are all factors that an ALJ may consider when evaluating a claimant's subjective symptom testimony. *Lingenfelter*, 504 F.3d at 1040.

Plaintiff argues that the ALJ erred by "minimizing positive objective findings and improperly focus[ing] only on negative findings to support [their] non-disability determination." Pl.'s Op. Br. 8 (citing tr. 23–25).[3] But much of the evidence Plaintiff urges the Court to consider concerns evidence dated after Plaintiff's date last insured. *See* Pl.'s Op. Br. 11–13. Under 42

---

[3] Plaintiff also argued that the ALJ supported their disability finding by reasoning that the objective medical evidence failed to support the RFC, which "puts the cart before the horse." Pl.'s Op. Br. 7 (quoting *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017)). But this argument fails because, unlike the ALJ in *Laborin*, the ALJ here thoroughly explained why they found that Plaintiff's impairments were not as severe as he claimed. *Compare Laborin*, 867 F.3d at 1154 (criticizing an ALJ's use of a boilerplate statement that simply discredited the claimant's allegations as "inconsistent with" the RFC) *with* tr. 23–26 (explaining that Plaintiff's lack of treatment, improvement with treatment, and daily activities suggested that his subjective symptom testimony was less than credible).

U.S.C. § 416(i)(3), Plaintiff needed to show disability on or before his date last insured. It follows that the ALJ emphasized the evidence from the pertinent period because it had more relevance to Plaintiff's claim. Further, when "evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193. Here, the ALJ's decision to focus on Plaintiff's medical record before his date last insured was a rational reading of the record, and the Court will not substitute its judgment for that of the Commissioner. *Id.*

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II. Dr. Crane's Testimony

Plaintiff next argues that the ALJ erred in discounting the testimony of Dr. Crane, Plaintiff's treating physician. When there is conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. . . ." *Id.* (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). One such specific and legitimate reason to reject a treating doctor's opinion is if there is an incongruity between it and his medical records. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041. Generally, a treating doctor's opinion is entitled to more weight than an examining doctor's opinion, which in turn is entitled to more weight than a reviewing doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). And important here, it is a claimant's burden to prove disability during the period at issue. *Armstrong v. Comm'r of the Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Dr. Crane completed a Medical Evaluation in May 2017. Tr. 464. Dr. Crane opined that Plaintiff needed to lie down and rest during the day (Tr. 465); that Plaintiff's medication limited his activities (Tr. 466); that Plaintiff would need to shift positions at will; and that Plaintiff would miss more than four workdays per month. Tr. 466–67. Dr. Crane concluded that "[Plaintiff] is not in any condition to undergo gainful employment" and also noted that Plaintiff "ha[d] been largely disabled for quite some time now. . . . This has been going on for literally years." Tr. 470. But Dr. Crane's opinion conflicted with the opinion of treating physician Dr. Jeffrey K. Bert, who believed that in 2012 Plaintiff could perform light to light-moderate work. *See* tr. 270 ("I would probably recommend light to light moderate duty work release.").

The ALJ assigned little weight to Dr. Crane's opinion for two reasons. First, the ALJ found that Dr. Crane's opinion was primarily focused on Plaintiff's "functioning at present" and not to the period at issue. Tr. 27. Second, the ALJ found that while Dr. Crane's 2017 opinion was "consistent with contemporaneous treatment notes," it conflicted with the medical record before September 2015. Tr. 27. Plaintiff argues that the ALJ's stated reasons are an improper basis for discounting Dr. Crane's opinion, but the Court disagrees.

It was not legal error for the ALJ to conclude that Dr. Crane's opinion did not establish disability for the period at issue. As noted by the ALJ, Dr. Crane's opinion appeared to focus on Plaintiff's present-day symptoms, not Plaintiff's symptoms before September 2015. *See* tr. 27 (quoting tr. 469 ("[Claimant] *is now to the point* where he cannot really even pick up his legs well." (emphasis added))). Plaintiff does note that the ALJ failed to account for Dr. Crane's statements that Plaintiff "[has] been largely disabled for quite some time now" and "this has been going on for literally years." Pl.'s Op. Br. 18 (citing tr. 470). But when evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v.*

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Here, it was rational to conclude that Dr. Crane's opinion focused on Plaintiff's function in May of 2017.

Finally, an ALJ may reject a treating doctor's opinion because of inconsistency with the medical records. *Tommasetti*, 533 F.3d at 1041. Before Dr. Crane's opinion, Plaintiff self-reported generally positive symptoms. *See* tr. 306 (reporting that he was "doing fairly well" with "some" gait issues), tr. 311 (reporting to Dr. Crane in September 2015 that he was "doing well" despite some claudication while walking on uneven terrain), tr. 473 (reporting that he was "doing fairly well" with improved "radiculopathy"). The treatment notes suggested that Plaintiff's symptoms were worse around the time Dr. Crane wrote his evaluation, supporting the ALJ's conclusion that Dr. Crane's opinion addressed Plaintiff's function in May 2017. Tr. 27 (citing tr. 470–72). Ultimately, the medical records cited by the ALJ undermine Plaintiff's claim because "any deterioration in [Plaintiff's] condition subsequent to [the time at issue] is, of course, irrelevant." *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 n.4 (9th Cir. 1995) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 (9th Cir. 1971)).

In combination, the reasons proffered by the ALJ were specific and legitimate reasons supported by substantial evidence, so the ALJ did not err in assigning Dr. Crane's opinion little weight. *Chaudhry*, 688 F.3d at 671.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2020.

                                  ___s/Michael J. McShane_____
                                      Michael J. McShane
                                      United States District Judge